## STATE OF FLORIDA v. ALVAREZ
Case No. 83-3972
Eleventh Judicial Circuit, Dade County
March 24, 1983

Janet Reno, for plaintiff.

Roy Block, for defendant.

DAVID M. GERSTEN, Circuit Judge·

This cause came on to be heard consequent on due notice upon Defendant's MOTION FOR ORDER TO SEAL PRETRIAL DISCOVERY AND ORDER TO PREVENT ANY MEMBER OF THE STATE ATTORNEY'S OFFICE FROM DISCLOSING PRETRIAL DISCOVERY INFORMATION OR MATERIAL TO OUTSIDE PERSONS, INCLUDING THE PRESS. The court having heard argument of counsel and intervenors (the media), and the Court having an opportunity to review memoranda of law submitted by counsel and intervenors, the Court finds as follows:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. That this is a matter concerning prior restraints.

2. That this Court is guided by the Florida Supreme Court case of *Miami Herald Publishing Company et al. v. Lewis*, ____ So. 2d ____, ____(Fla. 1982), case no. 59,392, filed September 2, 1982, rehearing denied March 2, 1983 (7 F.L.W. 385).

3. That this Court must consider the First Amendment as it relates to freedom of the press and the provisions of the Sixth Amendment securing a fair trial for the Defendant. Further, the media has a protected right to obtain and disseminate information.

4. That a fair trial is the most fundamental of all freedoms and in the exercise of obtaining a fair trial, under rigid guidelines, the exercise of First Amendment rights may have to give way. See: *Estes v. Texas*, 381 U.S. 532, 85 S. Ct.1628, 14 L.Ed. 2d 543 (1965), *reh den*, 382 U.S. 875, 86 S. Ct. 18, 15 L. Ed. 2d 118; *Pennekamp v. Florida*, 328 U.S.331, 66 S. Ct. 1029, 90 L. Ed. 1295 (1946).

5. That direct restraints upon First Amendment freedoms of expression and speech must be subjected by the Courts to the closest scrutiny. Further, a system of prior restraints of expression bears a heavy presumption against its constitutional validity. *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70, 83 S. Ct. 631, 9 L. Ed. 2d 584 (1963).

6. That the Defendant has the burden of establishing the requirements to be imposed in sealing the pretrial discovery. *Miami Herald Publishing Company v. Lewis, Supra*.

7. That the Defendant has not established that the closure is necessary to prevent a serious and imminent threat to the administration of justice.

8. That the Defendant has presented no other reasonable alternatives other than a change of venue which would protect the Defendant's rights to a fair trial; and, the Defendant has not demonstrated that the closure would be effective in protecting the rights of the accused without being broader then necessary to accomplish this purpose.

9. That the Defendant's motion is overbroad. *Carroll v. President and Commissioners of Princess Anne*, 393 U.S. 175, 183, 89 S. Ct. 347, 21 L. Ed. 2d 325 (1968).

10. That the theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by an outside influence, whether private talk or public print. *Patterson v. Colorado*, 205 U.S. 454 27 S. Ct. 556, 51 L. Ed. 879 (1907). It is therefore

ORDERED AND ADJUDGED that the Motion of the Defendant be and the same is denied. Counsel may apply to the Court for specific orders with regard to specific matters, where a legally sufficient factual basis may be proved by the moving party. Such motions shall be timely filed with adequate notice for hearing thereon.